William **FLYNN** and Lois Flynn, h/w

v.

Thomas **LANGFITT, M.D.**, Joseph Petro-
nio, **M.D.** and the Hospital of the
University of Pennsylvania.

Civ. A. No. 88–3551.

United States District Court,
E.D. Pennsylvania.

April 11, 1989.

Hal F. Doig, Fronefield and deFuria, Me-
dia, Pa., for plaintiffs.

A. Grant Sprecher, Robert L. Sachs, Jr.,
John H. Bloomer, Jr., Sprecher Felix Visco
Hutchinson & Young, Philadelphia, Pa., for
defendants.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Before this Court is defendants' motion for partial summary judgment against plaintiffs on counts II and III of plaintiffs' complaint. After due consideration, defendants' motion is granted as to both count II and count III.

On or about April 30, 1986, William Flynn underwent a cervical laminectomy at the Hospital of the University of Pennsylvania. During surgery, a freeze-dried xenograft, graft of tissue, was inserted on the dural lining of Mr. Flynn's spinal cord to repair a small pseudomeningocele or tear. Plaintiff alleges that subsequent to the cervical laminectomy and insertion of the graft he contracted staphylococcus meningitis. Plaintiff filed a complaint against the above-named defendants alleging negligence, res ipsa loquitur and strict liability. Defendants move to dismiss counts II and III of plaintiffs' complaint.

In making its ruling on a summary judgment motion, the court must view all inferences in a light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3rd Cir.1982). The court must resolve all doubts against the moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3rd Cir.1985), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985). We must take as true all allegations of the non-moving party that conflict with those of the movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Defendants' move to dismiss plaintiffs' claim of res ipsa loquitur. In *Jones v. Harrisburg Polyclinic Hospital*, 496 Pa. 465, 437 A.2d 1134 (1981), "... the Court held that the doctrine of res ipsa loquitur may be applied in medical malpractice cases ..." *Gallegor v. Felder, M.D.*, 329 Pa.Super. 204, 478 A.2d 34 (1984). However, res ipsa loquitur is not a cause of action. In *Jones*, the court clearly stated that "res ipsa loquitur is neither a rule of procedure nor one of substantive tort law.

We stressed that it was only a short-hand expression for circumstantial proof of negligence—a rule of evidence." *Jones v. Harrisburg* 437 A.2d at 1137. Therefore, count II of plaintiffs' complaint is dismissed.

█ Defendants contend that a strict liability action against a hospital is not a recognized claim under Pennsylvania law. Plaintiffs' complaint alleges a strict liability action under Restatement (Second) of Torts § 402A.[1] Defendants contend that statutory and case law preclude a strict liability claim against a hospital in Pennsylvania. Firstly, defendants cite 42 Pa.C.S.A. § 8333, which states in pertinent part:

(a) General Rule.—No person shall be held liable for death, disease or injury resulting from the lawful transfusion of blood, blood components or plasma derivatives, or from the lawful transplantation or insertion of tissue, bone or organs, except upon a showing of negligence on the part of such person. Specifically excluded hereunder is any liability by reason of any rule of strict liability or implied warranty or any warranty not expressly undertaken by the party to be charged.

There is no case law interpretation of this statute regarding hospital defendants. The historical note indicates that 42 Pa.C.S.A. § 8333 was substantially a reenactment of "The Medical Transfusions and Transplants Act," 35 P.S. § 10021. That Act states in pertinent part:

Notwithstanding any other law, no hospital, blood bank or other entity or person shall be held liable for death or injury, resulting from the lawful transplantation or insertion of tissue, bone or organs, except upon a showing of negligence on the part of such hospital, blood bank, entity or person. For purposes of this act negligence shall include but not be

limited to any failure to observe accepted standards in the collection, testing, processing, handling, storage, transportation, classification, labelling, transfusion, injection, transplantation, or preparation or use of any such blood, blood components, plasma derivatives, tissue, bone or organs. Specifically excluded hereunder is any liability by reason of implied warranty or any other warranty not expressly undertaken by the party to be charged.

A review of the legislative history of the latter Act produced few references and nothing substantive. There is no indication that the definition of person includes hospitals. The original Act clearly stated hospitals, while the current Act has limited the group shielded from strict liability claims to "persons." Plainly, if the legislature had wanted to extend this protection to hospitals it would have so stated in the Act. Therefore, this Court finds that hospitals are not immune to strict liability claims under 42 Pa.C.S.A. § 8333.

█ Secondly, defendants argue that the doctrine of strict liability against a hospital is not a recognized cause of action under Pennsylvania common law. Plaintiffs contend that the doctrine of strict liability has been extended to hospitals under *Grubb v. Albert Einstein Medical Center*, 255 Pa. Super. 381, 387 A.2d 480 (1978). In *Grubb,* that plaintiff brought an action for negligence against the Albert Einstein Hospital and three doctors after a surgical mishap rendered her a quadriplegic. The manufacturer of the defective instrument used during surgery was joined by defendants. The Pennsylvania Superior Court upheld a jury verdict for plaintiff and against the Albert Einstein Hospital on a strict liability claim. Although the Superior Court opinion was unanimous as to the result, four of the six

---

1. Restatement (Second) of Torts § 402A states in pertinent part:
    (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm, thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product; and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

**152**

judges dissented as to the use of § 402A strict liability against the hospital.[2]

As in *Grubb*, this is a matter of first impression.[3] That court stated that "[i]n adopting the strict liability doctrine as set forth we are making a reasonable extrapolation from the already expanding interpretation of 402A, and clear policy considerations." *Grubb* 387 A.2d at 490. That court further stated "[i]t is elementary that if a hospital supplies equipment to an operating physician the hospital must appraise themselves of the risks involved and adopt every effort to insure the safety of the equipment chosen." *Id.* However, this reasoning has not been formally adopted by the Pennsylvania Supreme Court. There is no other relevant Pennsylvania case law supporting this viewpoint. The United States Supreme Court has held that "... while the decrees of 'lower state courts' should be 'attributed some weight' ... the decision is not controlling ... where the highest court of the State has not spoken on the point." *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 463, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Therefore, count III of plaintiffs' complaint is dismissed. An appropriate Order follows.

### ORDER

AND NOW, this 10th day of April, 1989, upon consideration of Defendants' Motion for Partial Summary Judgment and Plaintiffs' response thereto, IT IS HEREBY ORDERED that Defendants' Motion is GRANTED, Count II and Count III of Plaintiffs' Complaint are dismissed, with prejudice.

---

**2.** The court in *Grubb* did not examine an application of 42 Pa.C.S.A. § 8333.

**3.** The *Grubb* Court stated:
"[i]n reviewing the strict liability of Albert Einstein Medical Center we are considering a case of first impression in Pennsylvania. However, the Supreme Court of Pennsylvania has given a wide berth to Section 402A and has found that liability extends to all sellers in the distributive chain. *Bialick [Bialek] v. Pittsburgh Brewing Company*, 430 Pa. 176, 242 A.2d 231 (1968). The court has further recognized that liability does not turn on the technical existence of a sale. *Hoffman v. Miser-*

*cordia Hospital*, 439 Pa. 501, 267 A.2d 867 (1970).

At least one court has held the view that mechanical and administrative services provided by hospitals should not necessarily be exempt from strict liability. In *Johnson v. Sears, Roebuck & Co. [Columbia Hospital]*, 355 F.Supp. 1065 (E.D.Wis.1973), the court felt that mechanical services provided by a hospital may be subject to strict liability even though the rendition of professional services is governed by a negligence standard. *Grubb* 387 A.2d at 490.